# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ENTERPRISE FINANCIAL GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1619 HEA |
| | ) | |
| RICHARD PODHORN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Contempt filed by Defendant CapDev, LLC, [Doc. No. 83]. Plaintiff opposes the motion. For the reasons set forth below, the motion will be denied.

## Facts and Background

Plaintiff filed its Amended Complaint seeking damages for alleged fraudulent transfers on May 24, 2017. CapDev is among the named defendants. The Amended Complaint asserts one count of fraudulent transfers under Mo. Rev. Stat. § 428.028 against all defendants.

CapDev owned Lot 2B of the Wentzville Bluffs subdivision, in Wentzville, Missouri, near the intersection of Interstate 70 and Missouri Highway Z. On August 30, 2017, Plaintiff used the Amended Complaint as a basis for filing a

Notice of Lis Pendens on Lot 2 of Wentzville Bluffs ("August 2017 Notice"). CapDev only owned Lot 2B on August 30, 2017.

CapDev sought construction financing to improve Lot 2B in December 2017. In anticipation of the financing, the August 2017 Notice was discovered. The issuance of the policy of title insurance was conditioned on removal of the August 2017 Notice. The loan was set to close on December 19, 2017.

On December 19, 2017, CapDev filed a Verified Emergency Motion to Cancel Lis Pendens on Lot 2. This Court held a hearing on December 20, 2017 and granted the Motion later that afternoon. Plaintiff was ordered to cancel the August 2017 Notice by the close of business on December 21, 2017. This Court concluded that the Amended Complaint did not support a Notice of Lis Pendens because "as presently stated, the civil action is not 'based on any equitable right, claim or lien, affecting or designed to affect real estate,'" as is required by Missouri law to support the filing of a Notice of Lis Pendens. Plaintiff appealed this ruling, and the appeal is still pending. The Eighth Circuit did not stay the December 20 Order. Plaintiff cancelled the August 2017 Notice.

With the August 2017 Notice cancelled, CapDev closed on its construction-financing loans. As part of the financing, CapDev deeded Lot 2B to its wholly owned subsidiary, WB2, LLC ("WB2"). WB2 then closed on a deed of trust to secure the financing, dated and recorded on December 28, 2017.

Notwithstanding the Eighth Circuit's refusal to stay the December 20 Order, Plaintiff filed another Notice of Lis Pendens dated March 6, 2018, and recorded on March 16, 2018 ("March 2018 Notice"). The basis for the March 2018 Notice is a pending lawsuit in Dallas County, Texas, cause number DC-15-00923 ("Texas Litigation"), as support. CapDev is not a party to the Texas Litigation.

As part of the Texas lawsuit, documents were produced which indicated that the Defendants in the Texas Lawsuit, indirect owners of Lot 2 through CapDev, were alienating or otherwise disposing of assets. To prevent this, Plaintiff sought and obtained from the Court of Dallas County, Texas (the "Texas Court") a Temporary Restraining Order.

The Texas Court granted the TRO preventing, *inter alia*, Defendants Clayton Logomasini and Jason Chrisco and all those acting in concert with them from: (a) releasing or assisting in the release of the *lis pendens* on the Real Estate through signature or otherwise or providing consent to release of same;
(b) directly or indirectly, orally, in writing, or by way of execution or signing of any document, assignment, or agreement in any capacity: authorizing, consenting, voting in favor of, or otherwise exercising their authority as may be requested or required to transfer, encumber, mortgage, convey, sell, assign, hypothecate, or alienate the Real Estate or any ownership The TRO was signed by the Texas Court on February 16, 2018, prior to the filing of the March Notice. The TRO defined

"Real Estate" to include Lot 2. The TRO was extended to May 25, 2018 by agreement of the defendants to the Texas Lawsuit on which date the Court entered the Agreed Amended Temporary Injunction which granted the same relief.

The TRO and the Agreed TI were premised, in part, on two facts material to CapDev's Supplemental Motion. Texas Lawsuit Defendant Clayton Logomasini formerly owned Lot 2, and in fact transferred it to CapDev. According to the First Amended Operating Agreement of CapDev, LLC, Texas Defendants Clayton Logomasini and Jason Chrisco indirectly owned interests in CapDev.

Thereafter, Plaintiff filed the notices of *lis pendens* against the property.

CapDev, among others, has filed an action in the Circuit Court of St. Charles County, Missouri for Slander of Title, Abuse of Process, and Tortious Interference against Plaintiff and John Pappanastos. In that action, CapDev and the other plaintiffs filed a Combined Motion and Memorandum in Support of Their Emergency Motion to Set Aside Notices of Lis Pendens (Plaintiffs' "Emergency Motion") and Defendants' Motion for Abatement or Stay. In the Emergency Motion, Plaintiffs WB2, LLC, 6NWB, LLC, and Wilmer Farms, LLC move this Court to lift six Notices of *Lis Pendens* (the "Notices") affecting three parcels of real estate located in St. Charles County, Missouri. The St. Charles County Court granted the Motion and ordered the *lis pendens* removed, finding

> that the Texas Case does not provide support for the filing of a notice of *Lis Pendens* on property in the State of Missouri, owned by entities who are not

parties in that litigation. The Court finds that the Notices of *Lis Pendens,* filed on the basis of the Missouri Federal case, and filed after the dismissal of the case by Judge Autry, [sic] are not based upon any pending litigation to establish a claim of right or "affect" the property. The Court believes these positions are supported by *21 W., Inc. v. Meadowgreen Trails, Inc.*, 913 S.W.2d 858, 878 (Mo. App. E.D. 1995) and *First Nat. Bank of St. Louis v. Ricon, Inc.*, 311 S.W.3d 857, 865 (Mo. App. E.D. 2010).

The *lis pendens* have been cancelled. Defendants therefore seek only payment of attorneys' fees incurred regarding the Motion for Contempt seeking the cancellation of the second *lis pendens* notice.

## Discussion

Courts have the inherent power to punish contempt. *Schoenfeld v. Kleiber,* No. 07–4020–CV–C–NKL, 2007 WL 3256234, at *2 (W.D.Mo. Nov.2, 2007). Courts may use this contempt power to compel a defendant to comply with a court order, to compensate the complainant for losses sustained, or to do both. *Chicago Truck Drivers v. Bhd. Labor Leasing,* 207 F.3d 500, 505 (8th Cir.2000). Assessing fines and attorneys' fees is part of the civil contempt power. *Schoenfeld,* 2007 WL 3256234, at *2. The party seeking civil contempt bears the burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order, and that the violation was not based on a good faith and reasonable interpretation of the protective order. *Chicago Truck Drivers,* 207 F.3d at 505; *On Command Video,* 976 F.Supp. at 922; *see also Imageware, Inc. v. U.S. W. Commc'ns.,* 219 F.3d 793, 797 (8th Cir.2000) ("No one should be held in contempt for violating an

ambiguous order...."). There is no requirement to show the violation was willful. *Schoenfeld,* 2007 WL 3256234, at *2; *Hunter Eng'g Co. v. Hennessy Indus., Inc.*, No. 4:08 CV 465 DDN, 2010 WL 1186454, at *5 (E.D. Mo. Mar. 29, 2010).

Technically speaking, there was actual contempt through a violation of this Court's Order. The original *lis pendens* was cancelled in accordance with the Order. Defendants argue, however, that the filing of the second *lis pendens* was in reality a violation.

Although Defendants claim that "Attorney Bart Higgins' affidavit reads like a brief stating legal arguments, not an affidavit stating facts," Defendants produce nothing to controvert the averments in the affidavit, the affidavit necessarily contains Mr. Higgins' legal analysis for the filing of the *lis pendens*. Contained in the affidavit are the details of obtaining the Texas TRO and Temporary Injunction, and the grounds upon which Plaintiffs relied for the filing of the March *lis pendens*. There is no clear and convincing evidence anywhere in the record that the March filing was an effort to thwart the Court's Order. Plaintiffs have presented sufficient evidence to demonstrate that they had a good faith belief that the actions they took were reasonable and proper at the time.

## Conclusion

Although the filing of the *lis pendens* based on the Texas lawsuit was ultimately determined by the St. Charles Court to be improper, the act of filing it

was not a violation of this Court's Order requiring the cancellation of the original *lis pendens*. Furthermore, Defendants have not presented clear and convincing evidence that Plaintiffs intended to thwart the Court's determination.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Contempt, [Doc. No.83] is **DENIED.**

Dated this 12th day of December, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE